No. 75.—THOMAS S. JOHNSON, administrator, &c. plaintiff in error, *vs.* NATHAN G. LEWIS, defendant in error.

[1.] Upon an issue founded on an affidavit of illegality, filed by an administrator, *de bonis non*, with the will annexed, to a general judgment against the precedent executor to the will, which was levied on the property of the estate in the hands of the administrator: *Held*, that legatees, under the will, who have been paid their legacies, are competent witnesses, when called for the administrator.

Certiorari, Macon Superior Court. Decided by Judge WARREN, March Term, 1850.

The only point in this case arose upon the trial of an *issue in a* Justices Court, formed upon an affidavit of illegality, interposed by Thomas S. Johnson, administrator, *de bonis non*, of Elias Jourdan, deceased, to an execution founded on a judgment against the former executrix, whose letters abated upon marriage with Johnson.

The administrator offered as witnesses two of the legatees under the will of Elias Jourdan, deceased, who being objected to, on the ground of interest, the administrator executed to them a release, relieving them from all liability to him on account of the debt; and the legatees executed a release to the administrator of all claim upon the estate of Jourdan. The admisistrator, *de bonis non*, was proven to be solvent. The witnesses had received

from the estate a portion of their legacy, since the rendition of the judgment.

The Justices decided that the witnesses " might be examined, but that the Court would regard their testimony in the light of interested witnesses." The witnesses were withdrawn, and exceptions filed. On writ of certiorari, sued out, Judge Warren sustained the decision, and an appeal is taken to this Court.

Giles, for plaintiff in error.

Warren, for defendant.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The question made is, whether the legatees, offered as witnesses, are competent. There was a judgment, generally, against the executor of the will of Elias Jourdan, deceased, which was levied upon property of the estate in possession of the plaintiff in error, as administrator, *de bonis non.* He interposed an affidavit of illegality. Upon the trial, two of the legatees, under the will of Elias Jourdan, were offered as witnesses by the administrator, *de bonis non*, with the will annexed. It was in evidence that these legatees had in possession property received from the estate of the testator, since the judgment was rendered. Releases were executed by them to the administrator, *de bonis non*, and by him to them. Under these circumstances, the witnesses were excluded, virtually—the magistrates admitting them, but ruling them at the same time interested. Upon that ruling, sustained by the Judge of the Superior Court, the exception was taken.

We exclude at once all consideration of these releases. They could not in any degree affect the rights of the plaintiff in execution. If the witnesses were incompetent from interest, no arrangement between them and the party calling them, could restore their competency.

Were they interested? They were, beyond question. But it remains to be ascertained what the character of that interest is— if it is immediate and direct, they are incompetent, if remote and contingent, they are competent. The character of their interest depends upon principles, which I shall briefly state. To the judgment, there was no defence made—it is a judgment, generally,

against the assets of the estate in the hands of the executor—it is an admission of assets. This admission is a conclusion of law, drawn from the judgment. It is conclusive upon the executor. Besides, the proof in the record shows assets in fact in the hands of the administrator. These witnesses having received their legacies, the property thus received, is, in our judgment, protected from liability, until the creditor has exhausted the assets in the hands of the administrator. It is not subject to a levy, but the creditor will be driven into Equity. There, upon proof, that the assets in the possession of the administrator, is insufficient in part or in whole to pay him, it will be appropriated. The judgment binds, it is true, the whole assets of the estate. Its lien attaches upon the property paid out to the legatees. That lien is not defeated— it is only directed *first* upon the assets remaining with the administrator. This may be done upon the familiar equitable principle, that one holding a claim upon two funds, and another a claim upon one of those funds, the former will be directed upon that fund, upon which the latter has no claim.

These principles were considered and settled by this Court in *Scranton and others, vs. Demere,* (6 *Geo. R.* 92,) and in *L. Demere et al, vs. Scranton,* (8 *Geo. R.* 43.) 1 *Greenlf.* §408. *Ry. & M.* 31. 6 *Esp.* 34. 1 *Mood. & M.* 345. 1 *T. R.* 164. The liability of these witnesses to the plaintiff, being dependant upon the sufficiency of assets in the hands of the administrator, to pay him, their interest is too remote and contingent to effect their competency.

Let the judgment be reversed.